UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG MCKINNEY,<br><br>       Plaintiff,<br><br>v.<br><br>RICK MARTINEZ., *et al.*,<br><br>       Defendants. | 3:16-cv-00448-MMD-VPC<br><br>**REPORT AND RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Craig McKinney's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed with prejudice.

    **I.**  ***IN FORMA PAUPERIS* APPLICATION**

  As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In his application, plaintiff indicates that he is unemployed, and receives $793.00 in Social Security benefits per month, as well as $587.00 in Veterans Administration ("VA") disability benefits per month. (#1 at 1.) He also has $42.00 in a checking or savings account, but no additional assets. (*Id.* at 2.) Plaintiff's monthly expenses exceed $1,300.00. (*Id.*) Based on the foregoing, the court finds that plaintiff is unable to pay the filing fee in this matter. The court therefore recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II. LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, the *pro se* plaintiff should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III. DISCUSSION

### A. Plaintiff's Complaint

Plaintiff brings this action pursuant to 18 U.S.C. § 1961, against Rick Martinez, Shannon Hill Martinez, Pennie Lumen, Laurence D. Clawson, Jack Mackay, Roger Wolfe, Fire Extinguisher Service Center, Inc., and Walker Lake Enterprises, Inc. (ECF No. 1-1 at 1.)

Plaintiff alleges that defendants have violated his due process, vested property, and other constitutional rights by conducting a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (*Id.* at 1-2.) Plaintiff's twenty-three-page complaint is replete with various accusations, and it is quite difficult to discern exactly what brings plaintiff into federal court. His complaint is rambling, nonsensical, filled with legal jargon, and with vague references to state and federal laws. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Plaintiff's largely incomprehensible narrative makes it nearly impossible for the court to identify the factual or legal basis for his claims.

Notwithstanding this, to the extend that plaintiff states any colorable claim for violation of his rights under RICO, these claims should be dismissed with prejudice as they are barred by the applicable statute of limitations. A civil action under RICO is subject to a four-year statute of limitations period. *Rotella v. Wood*, 528 U.S. 549, 552 (2000); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). The civil RICO limitations period "begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Grimmett v. Brown*, 75 F.3d 506, 510-13 (9th Cir. 1996). The plaintiff need not discover that the injury is part of a "pattern of racketeering" for the period to begin to run. *Id.* at 510-12 (citing *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1465 (7th Cir. 1992)). It appears plaintiff first became aware of the alleged RICO conspiracy in December of 2003 when plaintiff "filed a Letter of Complaint to the Churchill County District Attorney's Office therein listing the RICO violations committed" by defendants. (*See* ECF No. 1-1 at 5.) Plaintiff filed his Application for Leave to Proceed *In*

3

*Forma Pauperis* and attached Complaint in this action on July 27, 2016. (*See* ECF Nos. 1, 1-1.) Thus, the four-year statute of limitations has passed for plaintiff to file a civil RICO suit.

Plaintiff alleges that "there are no bars, latches (sic) or statutes of limitations that apply at the State or Federal levels in that RICO's statute of limitations is subject to the equitable principals of tolling due to fraudulent concealment, continuing torts, conspiracy and pendency of court action." (ECF No. 1-1 at 5.) It is well established that federal statutes of limitations are generally subject to equitable principles of tolling. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). However, in the civil RICO context, it appears equitable tolling may be used "where a pattern remains obscure in the face of a plaintiff's diligence in seeking to identify it." *Rotella*, 528 U.S. at 561. Here, plaintiff seems very aware of the civil RICO conspiracy, as he filed a RICO suit in state court in 2003. (*See* ECF No. 1-1 at 5.) Therefore, the court does not find it appropriate to equitable toll the statute of limitations period. Accordingly, the court finds that plaintiff has failed to state a claim upon which relief may be granted and recommends that his complaint be dismissed in its entirety.

### IV.  CONCLUSION

Consistent with the foregoing, the court concludes that plaintiff failed to plead a plausible right to relief under counts I, II, III, and IV as all claims are barred by the statute of limitations and dismissal is warranted under 28 U.S.C. 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE.**

DATED: November 21, 2014

_____
UNITED STATES MAGISTRATE JUDGE