1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CRAIG McKINNEY,

Plaintiff,

v.

RICK MARTINEZ, *et al.*,

Defendants.

Case No. 3:16-cv-00448-MMD-VPC

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
VALERIE P. COOKE

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 3) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff filed his objection on February 7, 2017 ("Objection"). (ECF No. 6.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

1    of review employed by the district court when reviewing a report and recommendation to

2    which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,

3    1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the

4    view that district courts are not required to review "any issue that is not the subject of an

5    objection."). Thus, if there is no objection to a magistrate judge's recommendation, then

6    the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F.

7    Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to

8    which no objection was filed).

9        The Magistrate Judge recommends granting Plaintiff's IFP Application. Plaintiff

10   does not object to this recommendation. Accordingly, the Court will accept the

11   recommendation.

12       The Magistrate Judge recommends dismissing the complaint with prejudice

13   because  the statute of limitations has expired on any proposed claims under  the

14   Racketeer Influenced and Corrupt Organizations ("RICO") Act and the allegations in the

15   complaint compel against a finding of equitable tolling. (ECF No. 3 at 3-4.) In his

16   Objection, Plaintiff argues that Congress did not include a statute of limitations when it

17   enacted RICO. (ECF No. 6 at 2-4.) However, the United States Supreme Court has held

18   that a civil action under RICO is subject to a four-year statute of limitations. *Rotella v.*

19   *Wood,* 528 U.S. 549, 552 (2000).

20       Plaintiff argues that even if his RICO claims are subject to the four year statute of

21   limitations, equitable tolling applies because his state court action was pending for over

22   eleven years and the alleged RICO violations occurred before and after his appeal in the

23   state court action.  (*Id.* at 3-5.) Plaintiff contends he did not assert any RICO claim in

24   state court, contrary to the Magistrate Judge's finding that he did in 2003. (*Id.* at 1.) As

25   the Magistrate Judge correctly stated, equitable tolling may be asserted in connection

26   with a RICO claim "where a pattern remains obscure in the face of a plaintif's diligence in

27   seeking to identify it." (ECF No. 3 at 4, citing *Rotella,* 528 U.S. at 561.) The allegations in

28   the complaint show that Plaintiff was aware of his RICO claim in 2003, regardless of

whether he filed a RICO lawsuit in state court at the time.[1] (ECF No 1-1 at 5.) The point is that Plaintiff was aware of his RICO claims as early as 2003, but delayed in bringing this action. In light of such awareness, Plaintiff may not assert equitable tolling. In his Objection, Plaintiff claims that he had identified purported fraudulent conduct that occurred during the pendency of his state court action, but he was unable do bring additional claims while the appeal was pending and cites to Nev. R. Civ. P. 15 relating to supplemental pleadings. Even accepting this representation, Plaintiff would still be able to file a separate action to assert RICO claims as he has done in this case. His failure to do so does not demonstrate diligence to support equitable tolling.

The "discovery of the injury . . . is what starts the clock" on the accrual of the four year limitation period. *Rotella*, 528 U.S. at 555. According to Plaintiff, he discovered the injury as a result of alleged RICO violations in 2003, but he waited until 2016 to bring this action.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 3) be accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted.

It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed with prejudice.

DATED THIS 16th day of March 2017.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]The Magistrate Judge relied on Plaintiff's allegations in finding that Plaintiff filed a RICO suit in state court in 2003. (ECF No. 3 at 4.) Paragraph 15 of the complaint alleges that in November or December 2003, Plaintiff "filed a Letter of Complaint . . . listing the RICO violations." (ECF No. 101 at 5.) Pararaph 16 alleges that "a civil complaint was filed .  . . on May 7, 2003. A First Amended Complaint was filed on June 26, 2003, adding Breach of Contract/Fraud/Unjust Enrichment/Fraud   . . ." (*Id.*) A reasonable reading of these allegations would suggest the "civil complaint" involved RICO claims. However, Plaintiff asserts in his Objection that he did not file any RICO action in state court in 2003; he "filed a breach of contract complaint." (ECF No. 6 at 1.)